IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

ROBERT W. TASKER and
CATHY A. TASKER,

    Plaintiffs,

v.                                              CIVIL ACTION NO. 3:13-CV-157
                                              (JUDGE GROH)

PINNACLE WIND, LLC, and
MISSION WIND PINNACLE, INC.,

    Defendants.

## ORDER EXTENDING TIME PERIOD FOR SERVICE BY THIRTY DAYS

On November 4, 2013, Plaintiffs, by counsel, filed a Complaint in the United States District Court for the Northern District. On the same day, a summons was issued and returned to Plaintiffs' attorney for service. Pursuant to Federal Rule of Civil Procedure 4(c), "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m)." On March 12, over 120 days since issuance of the summons, the Court ordered Plaintiffs to show cause within fourteen days why their case should not be dismissed for failure to serve Defendants within the 4(m) period.

On March 13, 2014, Plaintiffs filed a Response to the Order to Show Cause. In that Response, Plaintiffs stated they have been in conversation with counsel for Defendant Pinnacle Wind, LLC since November, 2013. Additionally, Plaintiffs stated that Defendants do not oppose a ninety-day extension to effectuate service of process while informal discussions continue between the parties.

1

Federal Rule of Civil Procedure 4(m) governs the time period for effectuating service of process, which provides

> If a defendant is not served within 120 days after the complaint is filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specific time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). The Fourth Circuit Court of Appeals has held that "if the complaint is not served within 120 days after it is filed, the complaint must be dismissed absent a showing of good cause." Mendez v. Elliot, 45 F.3d 75, 78 (4th Cir. 1995). However, in an opinion entered by the United States Supreme Court after the Fourth Circuit's ruling in Mendez, the Supreme Court stated that "courts have been accorded discretion to enlarge the 120-day period even if there is no good cause shown." Henderson v. United States, 517 U.S. 654, 662 (1996). Subsequently courts, including the Fourth Circuit Court of Appeals, have questioned the validity of the Mendez holding in light of Henderson. Hanson v. Fairfax Cnty. Sch. Bd., 405 F. App'x 793, 793-94 (4th Cir. 2010) (unpublished) (stating the "district court has discretion to extend the period [to effectuate service] if the plaintiff can show excusable neglect for his failure to serve"); Giacomo-Tano v. Levine, 199 F.3d 1327, *2 (4th Cir. 1999) (unpublished) (nothing that "[e]ven if a plaintiff does not establish good cause, the district court may in its discretion grant an extension of time for service"); Scruggs v. Spartanburg Reg'l Med. Ctr., 198 F.3d 237 (4th Cir. 1999) (unpublished) (regarding the Supreme Court's statements in Henderson as "persuasive as to the meaning of Rule 4(m) and noting that the Fourth Circuit "believe[d] that the district court, in its discretion, could have extended the time for proper service of process"); Morgan v. Sebelius, Civil Action No. 3:09-1059, 2010 WL 1404100 (S.D.W. Va. Mar. 31, 2010)

2

(holding that courts have discretion to enlarge the 120-day period even in the absence of good cause); Vantage, Inc. v. Vantage Travel Serv., Inc., C.A. No. 6:08-2765-HMH, 2009 WL 735893, *3 (D.S.C. Mar. 20, 2009) (finding that "the Plaintiff was not required to show good cause for the extension and the court in its discretion extended the deadline").

In this case, the Court does not find that informal discussions or conversations between Defendants' counsel and Plaintiffs' counsel constitutes good cause as Plaintiffs' counsel has not stated how settlement negotiations affected his ability to serve Defendants. See Mendez, 45 F.3d at 78 (noting that district judge rejected the Plaintiff's notion that "settlement efforts constituted good cause"). However, the Court finds good cause for a brief thirty-day extension to permit Plaintiffs to serve Defendants because Plaintiffs' counsel has over thirty similar cases in front of this Court involving the same Defendants, the volume of cases, number of parties, as well as the issues are relatively complex, and Plaintiffs' counsel has represented that Defendants do not object to a brief continuance. Accordingly, Plaintiffs are **ORDERED** to serve Defendants with service of process within **thirty (30) days** from the date of this order. Otherwise, the case is subject to being dismissed without prejudice.

It is so **ORDERED**.

The Clerk is directed to send a copy of this Order to all counsel of record and any *pro se* parties herein.

**DATED:** March 14, 2014

GINA M. GROH
UNITED STATES DISTRICT JUDGE

3